**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOHNNY B. SHOWERS, | ) | |
| Petitioner, | ) | Civil Action No. 11-269 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Susan Paradise Baxter |
| COURT OF COMMON PLEAS, et al., | ) | |
| Respondents. | ) | |

**OPINION AND ORDER**[1]

Presently before the Court is a petition for a writ of habeas corpus filed by state prisoner Johnny
B. Showers.  [ECF No. 4].  He is challenging the judgment of sentence imposed upon him by the Court
of Common Pleas of Erie County on May 13, 2002.

For the reasons set forth below, the petition is denied because it is untimely and a certificate of
appealability is denied.

**I.**

**A.      Relevant Background**[2]

On April 4, 2002, an Erie County jury convicted Petitioner of third-degree murder and related
charges.  On May 13, 2002, the trial court sentenced him to an aggregate term of 254 to 780 months of
imprisonment.  (CP Dkt. No. 21).  He filed an appeal with the Superior Court of Pennsylvania in which
he challenged the weight of the evidence supporting his convictions.  The Superior Court affirmed his
judgment of sentence on November 24, 2003.  (CP Dkt. No. 38, Commonwealth v. Showers, No. 998

---

[1]      In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a
U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

[2]      Respondents have submitted the Common Pleas Court's file, relevant transcripts, and relevant briefs filed to the state
appellate courts.  The documents in the Common Pleas Court's file are indexed and numbered 1 through 88.  They shall be
cited to as "CP Dkt. No. __ ."

WDA 2002, slip op. (Pa.Super. Nov. 23, 2003)).  Petitioner did not file a petition for allowance of

appeal ("PAA") with the Pennsylvania Supreme Court.  Accordingly, his judgment of sentence became

final on or around December 23, 2003, thirty days after the Superior Court's decision was entered and

the time for filing a PAA expired.  Gonzalez v. Thaler, — U.S. — , 132 S.Ct. 641, 653-56 (2012);

Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (a judgment becomes final at the conclusion of

direct review or the expiration of time for seeking such review).

Eight days later, on December 31, 2003, Petitioner filed a *pro se* motion under Pennsylvania's

Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq.*  (CP Dkt. No. 36).  Court-appointed

counsel, William J. Hathaway, Esquire, filed a supplemental PCRA motion.  (CP Dkt. No. 39).  The

PCRA Court denied relief on April 19, 2004.  (CP Dkt. No. 45).  Petitioner did not file an appeal to the

Superior Court.  Accordingly, his PCRA proceeding concluded on or around May 19, 2004, the date

upon which the time to file an appeal expired.

More than one year later, on April 11, 2005, Petitioner filed in the Court of Common Pleas a

document that he entitled "writ of habeas corpus ad subjuciendum."  (CP Dkt. No. 47).  The PCRA

Court treated it as a second PCRA motion and it denied relief.  Petitioner, proceeding *pro se*, filed an

appeal to the Superior Court at a case assigned Docket Number 865 WDA 2005.  That appeal was

discontinued on June 8, 2005, because Petitioner failed to file a concise statement of matters complained

of on appeal in accordance with Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure.  See

Commonwealth v. Showers, No. 1755 WDA 2005, slip op. (Pa.Super. May 25, 2006).

On August 16, 2005, Petitioner filed a third PCRA motion.  On September 7, 2005, the PCRA

issued an order denying the third PCRA motion as untimely.  Petitioner appealed to the Superior Court,

which affirmed the denial of PCRA relief on the basis that Petitioner once again failed to comply with

Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. Id. at 3-4. The Pennsylvania Supreme

Court denied a PAA on October 18, 2006. Commonwealth v. Showers, 909 A.2d 304 (Pa. 2006).

Approximately one year and eight months later, on June 18, 2008, Petitioner filed another PCRA

motion. The PCRA Court denied the motion as untimely and the Superior Court affirmed on June 3,

2009. Commonwealth v. Showers, 2027 WDA 2008, slip op. (Pa.Super. June 3, 2009).

Approximately two years and five months later, on or around November 8, 2011, this Court's

Clerk's Office received for filing the instant petition for a writ of habeas corpus. Petitioner claims his

May 13, 2002, sentence is excessive, in violation of numerous constitutional rights. He seeks an order

from this Court directing that he be released from custody.[3]

As discussed below, this proceeding is governed by the federal habeas statute applicable to state

prisoners, 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA"). In their Answer, Respondents contend that the petition must be dismissed because it is

untimely under the statute of limitations set forth in AEDPA, which is codified in relevant part at 28

U.S.C. § 2244(d). [ECF No. 10 at 3-4]. Petitioner has filed a Reply [ECF No. 14], and the case now is

ripe for review.

**B.** **Discussion**

Because Petitioner is in custody pursuant to the judgment of a state court, his habeas petition

must be construed as having been filed pursuant to 28 U.S.C. § 2254. As explained in a leading habeas

treatise:

---

[3]    Petitioner also seeks an order from this Court directing that he receive money damages pursuant to 42 U.S.C.
§ 1983. Money damages are not available in a habeas corpus action. See, e.g., Preiser v. Rodriguez, 411 U.S. 475, 494
(1973) (explaining that "if a state prisoner is seeking damages, he is attacking something other than immediate or more
speedy release – the traditional purpose of habeas corpus. In the case of a damages claim, habeas corpus is not an appropriate
or available federal remedy."); Marine v. Quintana, 347 F.App'x 736 (3d Cir. 2009) (affirming that money damages are not
available in a habeas action).

Habeas is the "exclusive remedy" for the prisoner who seeks "immediate or speedier release" from confinement.  Skinner v. Switzer, 131 S. Ct. 1289, 1293, 179 L. Ed. 2d 233 (2011); see also Wilkinson v. Dotson, 544 U.S. 74, 82, 125 S. Ct. 1242, 161 L. Ed. 2d 253 (2005).

Two statutes provide jurisdiction for state prisoners challenging the lawfulness of their confinement.

The first is 28 U.S.C.A. § 2241.  That statute provides, in part, that "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. … The writ of habeas corpus shall not extend to a prisoner unless … [h]e is in custody in violation of the Constitution or laws or treaties of the United States …." 28 U.S.C.A. § 2241(a), (c)(3).

The second is 28 U.S.C.A. § 2254(a): "The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

The question of whether a petitioner can proceed under § 2241, as opposed to § 2254, is a significant one.  Section 2241 does not include the one-year limitations period of § 2244(d)(1); the extremely deferential review standards of § 2254(d)(1), (2); or the limitation on successive petitions in § 2244(b)(2).  A petitioner proceeding under § 2241, therefore, does not need to overcome these procedural hurdles…

The vast majority of courts have concluded that, although the texts of § 2241 and § 2254 appear similar in their grant of jurisdiction, § 2254 is the exclusive avenue for a state prisoner challenging the constitutionality of his detention.  Section 2254 is properly understood as in effect implementing the general grant of habeas corpus authority found in § 2241, even if the petitioner is not challenging the underlying state court conviction (e.g., challenges to parole determinations), so long as the person is in custody pursuant to the *judgment* of a state court….  If, however, the petitioner is in custody pursuant to something *other than a judgment* of a state court (e.g., pre-trial detention, pre-trial bond order, awaiting extradition, or other forms of custody that are possible without a conviction), he made proceed under 28 U.S.C. § 2241.

Brian R. Means, FEDERAL HABEAS MANUAL § 1:34 (June 2012) (emphasis in original), citing, *inter alia*,

Coady v. Vaughn, 251 F.3d 480, 484-85 (3d Cir. 2001) ("It is a well-established canon of statutory

construction that when two statutes cover the same situation, the more specific statute takes precedence

over the more general one…. In the instant action, both Sections 2241 and 2254 authorize Coady's

challenge to the legality of his continued state custody…. applying the 'specific governs the general'

canon of statutory construction to this action, we hold that Coady must rely on Section 2254 in

challenging the execution of his sentence."); and, Felker v. Turpin, 518 U.S. 651 (1996) ("Our authority

to grant habeas relief to state prisoners is limited by § 2254, which specifies the conditions under which

such relief may be granted to 'a person in custody pursuant to the judgment of a State court.'").

AEDPA requires, with a few exceptions not applicable here, that habeas corpus petitions under

28 U.S.C. § 2254 be filed within one year of the date the petitioner's judgment of sentence became final.

28 U.S.C. § 2244(d)(1)(A).[4]  As set forth above, Petitioner's judgment of sentence became final on or

around December 23, 2004; therefore, the one-year period for filing his federal habeas petition began to

run on that date.  He filed his first PCRA petition approximately nine days later, on or around December

31, 2004.  Section 2244(d)(2) provides:  "The time during which a properly filed application for State

post-conviction or other collateral review with respect to the pertinent judgment or claim is pending

shall not be counted toward any period of limitation under this subsection."  Accordingly, that first

PCRA motion statutorily tolled AEDPA's statute of limitations beginning on December 31, 2004.  Thus,

when that proceeding finished, Petitioner would have 356 days to file a timely habeas petition in federal

court.

As set forth above, Petitioner's first PCRA proceeding concluded on or around May 19, 2004.

See, e.g., Swartz, 204 F.3d at 419-20.  See also Lawrence v. Florida, 549 U.S. 327 (2007).  After that

date, the limitations period began to run again, and Petitioner, having 356 days remaining before the

statute of limitations expired, had until on or around May 10, 2005, to file a timely federal habeas

---

[4]      Nothing in the record in this action indicates that Petitioner is entitled to take advantage of any of the other provisions triggering the one-year limitations period.  He did not suffer any impediment to filing his federal petition. 28 U.S.C. § 2244(d)(1)(B).  His claims are not based on a new constitutional right recognized by the U.S. Supreme Court and made retroactive to cases on collateral review.  Id. at § 2244(d)(1)(C).  He has not shown that his claims are based upon a factual predicate that could not have been discovered through the exercise of due diligence.  Id. § 2244(d)(1)(D).

petition with this Court.  Petitioner did not initiate proceedings with this Court until 2011, many years

outside of AEDPA's statute of limitations.  Even if this Court provides him with the benefit of the doubt

and statutorily tolls AEDPA's limitation period through the pendency of his second PCRA motion,

which was commenced on April 11, 2005, and was discontinued on June 8, 2005, the petition still is

untimely by many years.[5]

      The U.S. Supreme Court has held that AEDPA's statute-of-limitation period "is subject to

equitable tolling in appropriate cases."  Holland v. Florida, — U.S. — , 130 S.Ct. 2549, 2560 (2010).  A

petitioner is entitled to equitable tolling only if he shows both that (1) he has been pursuing his rights

diligently, and (2) some *extraordinary circumstance stood in his way and prevented timely filing*.  Id. at

2562 (emphasis added).  See also Munchinski v. Wilson, 694 F.3d 308, 329-32 (3d Cir. 2012).  "This

conjunctive standard requires showing *both* elements before we will permit tolling."  Sistrunk v. Rozum,

674 F.3d 181, 190 (3d Cir. 2012) (emphasis in original).  Petitioner does not argue that equitable tolling

applies to this case, and he has not directed the Court to anything in the record which indicates that

equitable tolling would be appropriate here.

      Based upon all of the foregoing, the petition is untimely and is denied for that reason.

---

[5]    Petitioner's third and fourth PCRA motions were filed after AEDPA's statute of limitations expired, so they could not serve to statutorily toll the limitations period.  In any event, Petitioner did not initiate this proceeding until approximately two years and five months after his fourth PCRA proceeding concluded.

**C.**     **Certificate of Appealability**

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition.  It provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right."  In <u>Slack v. McDaniel</u>, 529 U.S. 473, 474 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Applying this standard here, jurists of reason would not find it debatable whether the instant petition is untimely.  Accordingly, a certificate of appealability should be denied.

## II.

For the reasons set forth above, the petition for a writ of habeas corpus is denied and a certificate of appealability is denied.  An appropriate Order follows.

<p style="text-align:right">/s/ Susan Paradise Baxter</p>

Dated:  December 26, 2012        SUSAN PARADISE BAXTER
                                 United States Magistrate Judge

<div align="center">

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

</div>

| | | |
|---|---|---|
| **JOHNNY B. SHOWERS,** | ) | |
| **Petitioner,** | ) | **Civil Action No. 11-269 Erie** |
| | ) | |
| **v.** | ) | |
| | ) | **Magistrate Judge Susan Paradise Baxter** |
| **COURT OF COMMON PLEAS, et al.,** | ) | |
| **Respondents.** | ) | |

<div align="center">

**ORDER**

</div>

AND NOW, this 26th day of December, 2012;

IT IS HEREBY ORDERED that the petition for a writ of habeas corpus is DENIED and a

certificate of appealability is DENIED.  The Clerk of Courts is directed to close this case.

<div align="center" style="margin-left:40%">

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

</div>